# EXHIBIT E

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF DELAWARE

 3   INTELLECTUAL VENTURES I LLC,, :
                                   :C.A. No. 12-193-LPS
 4             Plaintiff,          :
                                   :JURY TRIAL DEMANDED
 5        v.                       :
                                   :
 6   AT&T MOBILITY LLC, AT&T       :
     MOBILITY II LLC, NEW CINGULAR :
 7   WIRELESS SERVICES, INC., SBC  :
     INTERNET SERVICES, INC., AND  :
 8   WAYPORT, INC.,,               :
                                   :
 9             Defendants.         :
                                   :
10   _____:
                                   :
     INTELLECTUAL VENTURES II LLC, :
11                                 :C.A. No. 13-1631-LPS
               Plaintiff,          :
12                                 :JURY TRIAL DEMANDED
          v.                       :
13                                 :
     AT&T MOBILITY LLC, AT&T       :
14   MOBILITY II LLC, NEW CINGULAR :
     WIRELESS SERVICES, INC., SBC  :
15   INTERNET SERVICES, INC., AND  :
     WAYPORT, INC.,                :
16                                 :
               Defendants.         :
17   _____:
                                   :
18   INTELLECTUAL VENTURES I, LLC, :
                                   :C.A. No. 13-1632-LPS
19             Plaintiff,          :
                                   :JURY TRIAL DEMANDED
20        v.                       :
                                   :
21   T-MOBILE USA, INC., AND       :
     T-MOBILE US, INC.,            :
22                                 :
               Defendants.         :
23

24
```

```
 1     INTELLECTUAL VENTURES II,   :
       LLC,                        :
 2                                 :
                                   : C.A. No. 13-1633-LPS
 3            Plaintiff,           :
                                   : JURY TRIAL DEMANDED
 4         v.                      :
                                   :
 5     T-MOBILE USA, INC., AND     :
       T-MOBILE US, INC.,          :
 6                                 :
              Defendants.          :
 7                                 :
       _____:
 8                                 :
       INTELLECTUAL VENTURES I,    :
 9     LLC,                        :
                                   : C.A. No. 13-1634-LPS
10            Plaintiff,           :
                                   : JURY TRIAL DEMANDED
11         v.                      :
                                   :
12     NEXTEL OPERATIONS, INC.,    :
       and SPRINT SPECTRUM, L.P.,  :
13                                 :
              Defendants.          :
14     _____:
                                   :
15     INTELLECTUAL VENTURES II,   :
       LLC,                        :
16                                 : C.A. No. 13-1635-LPS
              Plaintiff,           :
17                                 : JURY TRIAL DEMANDED
           v.                      :
18                                 :
       NEXTEL OPERATIONS, INC.,    :
19     and SPRINT SPECTRUM, L.P.,  :
                                   :
20            Defendants.          :
       _____:
21
22
23
24
```

```
 1    INTELLECTUAL VENTURES I,    :
      LLC,                        :
 2                                : C.A. No. 13-1636-LPS
              Plaintiff,          :
 3                                : JURY TRIAL DEMANDED
         v.                       :
 4                                :
      UNITED STATES CELLULAR      :
 5    CORPORATION,                :
                                  :
 6            Defendant.          :
      ----------------------------:
 7                                :
      INTELLECTUAL VENTURES II,   :
 8    LLC,                        : C.A. No. 13-1637-LPS
                                  :
 9            Plaintiff,          : JURY TRIAL DEMANDED
                                  :
10       v.                       :
                                  :
11    UNITED STATES CELLULAR      :
      CORPORATION,                :
12                                :
              Defendant.          :
13

14
                 Thursday, June 5th, 2014
15               1:31 p.m.

16               Teleconference
                 Chambers of Judge LEONARD P. STARK
17
                 844 King Street
18               Wilmington, Delaware

19
      BEFORE:    THE HONORABLE LEONARD P. STARK,
20               United States District Court Judge

21

22

23

24
```

```
 1   weight into inconsistencies, we also have
 2   different standards being applied in both
 3   forums.
 4              Thank you, Your Honor.
 5              THE COURT:  Okay.  Thank you.  Let
 6   me give you my rulings on the two issues.  I'll
 7   talk first about the proposed acquisition bar.
 8              Here, the defendants' proposal is
 9   rejected.  The plaintiff's alternative proposal
10   in their letter is adopted and should be
11   included in the protective order presented to me
12   for my signature.
13              I, of course, reviewed everything
14   carefully before the call and listened with
15   great interest to both sides' arguments on the
16   issue, and I just, at the end, continue to, in
17   this case, share the plaintiff's concerns about
18   the ambiguity and the breadth of what the
19   defendants have proposed.
20              I understand defendants have
21   engaged in an iterative process and narrowed
22   from where they started, and I appreciate that.
23   That's as it should be, but I think we still
24   ended up in a place that is still too ambiguous
```

1   and too broad here and really does risk having a
2   profound and negative and ultimately, I think,
3   unwarranted impact on plaintiff's counsel and
4   their ability to practice in this area in future
5   cases with other clients.
6              The risk, in my mind, of the
7   inadvertent use of defendants' confidential
8   information to advise IV or any other client on
9   the acquisition of patents that might then be
10  asserted against defendants is just too
11  attenuated a risk.  Notwithstanding what I
12  understand about the business model, I just
13  nonetheless think that risk is too attenuated to
14  justify the imposition of the vague and broad
15  preclusion on plaintiff's counsel here.
16             And there I do continue,
17  notwithstanding the very persuasive comments
18  made by Ms. Jacobs.  Nonetheless, I can't shake
19  this sense that if the defendants are -- are
20  fully and entirely as concerned with this risk
21  as they are positing, that they wouldn't want to
22  bind one another's counsel to something like
23  what they have proposed to bind plaintiff's
24  counsel to.

```
 1              I recognize all the protections
 2   that have been taken in the course of this case
 3   and the effort to sever the cases and all that
 4   in an effort to protect defendants from one
 5   another, but it just seems to me it is, if not
 6   as likely, still likely enough that competitors,
 7   such as the defendants are, might in the
 8   future -- and we're talking about a provision
 9   with no time limit on it -- may come to acquire
10   a patent that they wish to assert against one of
11   their now codefendants in this case, and the
12   idea that defendants' counsel would be free to
13   advise their client to do that in a way that
14   plaintiff's counsel is not just doesn't seem
15   warranted to me under the circumstances here.
16              And the only other thing I would
17   add is, of course I don't think that there's any
18   binding authority on this point.  I'm asked to
19   make a discretionary case-by-case decision.  I
20   looked at what Judge Robinson and Judge Andrews
21   have done, as was cited in the papers.  I was
22   reminded, of course, what I had done in the IV
23   versus Alterra case, and all I can say there is
24   my recollection is in that earlier case it
```

1   wasn't -- it really wasn't the focus of what was
2   in dispute, in my mind at least in that case.
3   And I've had occasion in this case to think it
4   through much more carefully, and I think I've
5   reached the right decision in this case.
6            Finally, on the question of the
7   prosecution bar, here I am going to adopt the
8   plaintiff's proposal.  I still do have this
9   concern about the risk of strategic narrowing
10  amendments, even in the context of a post-grant
11  review here in IPR, and I just think that there
12  is -- even under the circumstances here, there
13  is a risk that those conversations that
14  litigation counsel wish to have the freedom to
15  have with IPR counsel could be informed by
16  confidential information of defendants that
17  litigation counsel have had access to, which
18  could ultimately lead to that type of strategic
19  narrowing that I am concerned with.
20           And so I think there is that risk,
21  and I think that warrants the protection that
22  the defendants have proposed.
23           And on the other side of the
24  ledger, I don't -- I don't think what I'm doing