# EXHIBIT F

Case 1:14-cv-00848-LPS   Document 31-6   Filed 03/27/15   Page 2 of 6 PageID #: 387

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-210-LPS |
| v. | ) ) | |
| ASUS COMPUTER INTERNATIONAL, INC., ASUS TECHNOLOGY PTE LTD., and ASUSTEK COMPUTER INC., | ) ) ) ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., A Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-1394-LPS |
| v. | ) ) | |
| GOOGLE, INC., A Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

---

| | | |
|---|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., A Delaware Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-1395-LPS |
| v. | ) ) | |
| HEWLETT-PACKARD COMPANY, A Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

---

Hawkins Reporting Service
715 North King Street - Wilmington, Delaware 19801
(302)658-6697 FAX(302)658-8418

```
GRAPHICS PROPERTIES          )
HOLDINGS, INC.,              )
    A Delaware Corporation,  )
                             )
    Plaintiff,                )  Civil Action
                             )  No. 12-1397-LPS
v.                           )
                             )
LENOVO GROUP LTD.,           )
    A Chinese Company,       )
                             )
LENOVO HOLDING COMPANY, INC.,)
    A Delaware Company,      )
                             )
LENOVO (UNITED STATES) INC., )
    A Delaware Corporation,  )
                             )
    Defendants.              )
------------------------------------------------------
GRAPHICS PROPERTIES          )
HOLDINGS, INC.,              )
                             )
    Plaintiff,               )  Civil Action
                             )  No. 13-864-LPS
v.                           )
                             )
ASUS COMPUTER INTERNATIONAL, )
INC.,                        )
                             )
    Defendant.               )
```

              Tuesday, July 1, 2014
              12:52 p.m.

              844 North King Street
              Wilmington, Delaware


BEFORE:   The HONORABLE LEONARD P. STARK, CHIEF JUDGE
          United States District Judge


              *DISCOVERY TELECONFERENCE*

```
 1    cases, one of which is 12-2010-LPS, and there's
 2    various related cases.  We're here on three
 3    issues.  I thought it would be helpful in this
 4    case for me to share my thoughts with you
 5    initially and focus your presentations,
 6    hopefully, as a result.
 7                 So there are three issues.  In
 8    terms of the page limits on printing source
 9    code, my inclination is to side with Google and
10    limit that to a hard limit of 500 pages,
11    provided that Google will respond reasonably to
12    requests for additional pages, including by
13    meeting and conferring in good faith to resolve
14    any disputes without further judicial
15    intervention.
16                 That seems to me like it would be
17    a reasonable outcome and a reasonable
18    accomodation in balancing the need to adequately
19    protect Google's highly valuable source code,
20    while at the same time permitting plaintiff to
21    adequately prepare its case.  So that's my
22    inclination on the printing source code issue.
23                 On the acquisition bar I'm
24    inclined to side with GPH, which means I'm
```

1   inclined to reject the acquisition bar, which is
2   what I have done on some recent occasions, and
3   it's what I understand to be the general
4   practice in this district and other courts.
5              It seems to me that the risks that
6   an acquisition bar is seeking to address are
7   more attenuated than the risks involved in
8   patent prosecution.  The proposed bar here
9   strikes me as too broad, and it seems
10  inconsistent that defendants aren't worried
11  about barring defense counsel in the way same
12  they're seeking to bar plaintiff's counsel.  So
13  that's my inclination on the second issue.
14             The third one about export limit
15  is where things are less clear to me.  Google is
16  proposing some pretty strict limits.  It's
17  unclear to me why any of Google's information
18  will need to leave the country for any reason in
19  connection with this case, but if it has to, I'm
20  unsure whether all of Google's information
21  really needs the full level of protection that
22  Google is proposing.
23             So let's start with that third
24  issue because that's the one where things are

1  MR. SCHECTER: Your Honor, may I
2  briefly respond to that?
3  THE COURT: It's not necessary.
4  I'm going to adhere to my inclination and not
5  adopt the acquisition bar here. I'm just not
6  persuaded that it's warranted under the
7  circumstances as they present themselves here.
8  So the protective order that you present to me
9  should not contain the acquisition bar.
10  I do want to get a cleaned up,
11  agreed upon version of the protective order. I
12  know there's a holiday this week.
13  Mr. Valentine, when would it be
14  reasonable for me to have you submit that to us?
15  MR. VALENTINE: Could we have,
16  perhaps, one week from today?
17  THE COURT: Mr. Schecter, is that
18  agreeable to you?
19  MR. SCHECTER: That's fine, Your
20  Honor. I don't see any reason why we couldn't
21  turn this around to you more quickly than that.
22  I don't know why we couldn't get it to you by
23  close of business tomorrow.
24  THE COURT: Mr. Valentine?