

June 25, 2015

<u>VIA E-FILING</u>
The Honorable Leonard P. Stark
United States District Court
J. Caleb Boggs Federal Building
844 King Street, Room 4124
Wilmington, DE 19801

> **Re:**   *TQ Beta LLC v. DISH Network Corporation, et al.*
>            <u>C.A. No. 14-848-LPS</u>

Dear Chief Judge Stark:

Plaintiff TQ Beta submits this letter in connection with Defendants' motion for a protective order. For the reasons below, TQ Beta respectfully requests that the Court deny Defendants' motion.

Defendants' motion is not yet ripe and is based on a hypothetical risk that the Defendants have control over. Their motion presumes that TQ Beta will serve Rule 30(b)(6) notices with particular topics, the Defendants will choose to designate Mr. Minnick and Mr. Gelston as their corporate witnesses, and TQ Beta's personal depositions of Mr. Minnick and Mr. Gelston will cover the same subject matter as those Rule 30(b)(6) topics. That approach puts the cart before the horse. TQ Beta has not sought a second deposition of anyone yet, and thus, the issue is not ripe for consideration. The Defendants instead ask the Court to issue a protective order based on events its counsel contend could possibly occur at some point in the future, but which they have failed to provide any declarations or affidavits from the witnesses who allegedly would be unduly burdened by being deposed a second time, when they have yet to even be deposed for the first time.

Even in the cases that Defendants' cite in their letter, the courts did not address the issue of whether a second deposition would be unduly burdensome until the second deposition was actually requested.[1] In none of these cases did the court pre-emptively issue a protective order before the requesting party served its Rule 30(b)(6) deposition notice. And even in those cases, the Court reviewed the facts known at that time such as the specific deposition topics, including whether such topics were adequately addressed in the prior deposition and whether more documents had been produced since the initial deposition such that a second deposition would not be duplicative of the first. By asking the Court to issue an order preventing TQ Beta from taking the personal depositions of Messrs. Minnick and Gelston until TQ Beta serves its Rule 30(b)(6) deposition notice, the Defendants are improperly trying to dictate when and how TQ Beta may take depositions in this case.

---

[1] *See* D.I. 54 (citing *Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001); *E.E.O.C. v. Boeing Co.*, No. CV 05-03034-PHX-FJM, 2007 WL 1146446, at *1 (D. Ariz. Apr. 18, 2007); *Requa v. C.B. Fleet Holding Co.*, No. 06 CV 01981 PSF MEH, 2007 WL 2221146, at *2 (D. Colo. July 31, 2007)).

## I.     Background

Defendants identified only two people—Messrs. Gelston and Minnick—in their initial disclosures.[2] Accordingly, Plaintiff noticed personal depositions for each witness to determine, among other things, the technical and damages information that was not produced. (D.I. 38, 39). Defendants however, have repeatedly refused to provide these two individuals for depositions, demanding instead that Plaintiff depose them under Fed. R. Civ. Pro. 30(b)(6) or not at all because Defendants "expect these witnesses to be 30(b)(6) witnesses. . . ." Defendants assert they "are not resisting early depositions and have already agreed to make two other witnesses available."(D.I. 54). However, Defendants have yet to produce either of those witnesses either. Seeing as Mr. Minnick and Mr. Gelston were listed as having knowledge related to technical operation and financial aspects of the accused devices, much of which has not been produced, the next logical step to discover this information was to take their personal depositions.

## II.     Argument

Defendants claim that Messrs. Minnick and Gelston will be unduly burdened by having to appear for personal and organizational depositions on separate dates, but they assume too much.  TQ Beta has not developed any Rule 30(b)(6) deposition topics yet and should not be forced to accommodate Defendants' preference that Messrs. Minnick and Gelston be deposed only once. The mere possibility of repetitious testimony is not by itself sufficient to justify a protective order barring the taking of depositions. *Nippo Corp./ Int'l Bridge Corp. v. AMEC Earth & Envtl., Inc.*, 2009 U.S. Dist. Lexis 115698 (E.D.Pa. 2009). As mentioned above, this case is easily distinguishable from the cases cited by Defendants. *Supra* fn. 1. In each of those cases, the requesting party sought to compel a 30(b)(6) deposition on topics that were previously covered in prior 30(b)1 testimony. *Id.*   That is not the issue in this case. Here, no personal depositions have been taken. The Defendants do not even know which specific Rule 30(b)(6) deposition topics, if any, that TQ Beta will seek from the Defendants.

Even if Messrs. Minnick and Gelston would be appropriate corporate witnesses for one or more future Rule 30(b)(6) deposition topics, that does not mean that TQ Beta should be forced to take their personal depositions in conjunction with the 30(b)(6) deposition(s) of the Defendants. Defendants do not get to choose the sequence in which Plaintiff conducts its discovery. *See* Rule 26(d)(2)(A). By demanding that Plaintiff notice these two depositions under 30(b)(6), Defendants are improperly attempting to require Plaintiff to describe, in advance, the subjects to be covered in the personal deposition. "Courts should be reluctant to permit a party who wishes not to be deposed to use a procedural device such as a motion for a protective order to force the requesting party to specify, in advance, the subject of the deposition as a precondition to proceeding." *Ogle v. Columbia Gas Transmission, LLC*, 2014 U.S. Dist. LEXIS 167420, at *18 (S.D. Ohio Dec. 3, 2014).

---

[2] Defendants originally identified three people. However, the third person (Ilya Asnis) no longer works at EchoStar, and Defendants have not supplemented their disclosures with any additional persons with relevant knowledge.

There is a good reason that TQ Beta's prefers to take the personal depositions of Messrs. Minnick and Gelston before deciding what Rule 30(b)(6) depositions topics, if any, that it will question the Defendants about. Their personal testimony will influence TQ Beta's decision making as to the specific 30(b)(6) topics that TQ Beta will develop for future 30(b)(6) deposition notices. If TQ Beta is forced to develop its Rule 30(b)(6) deposition topics without the benefit of first obtaining some personal testimony from Defendants' witnesses and reviewing the Defendants' technical documents *that have yet to be produced*, TQ Beta will be unduly prejudiced because it will have insufficient information upon which to decide the specific topics that would be appropriate to serve on Defendants with TQ Beta's limited deposition hours.

Moreover, personal depositions are fundamentally different from organizational depositions. With personal depositions, there is no duty on the part of the witness to prepare in any way to provide testimony. On the other hand, corporate witnesses are obligated to prepare to provide the organization's knowledge as to each topic. That preparation leads to discoverable information beyond the witnesses' personal knowledge into what can be determined after a reasonable investigation throughout the organization. Due to these fundamental differences, TQ Beta is unwilling to accept the Defendants' offer of designating Messrs. Minnick's and Gelston's personal testimony as the Defendants' corporate testimony at this point. Based upon this same reasoning, courts have consistently held that "the fact that a company's employee was deposed under Rule 30(b)(1) does not insulate the company from producing the same – or another – individual as a corporate representative to give a Rule 30(b)(6) deposition." *In re Motor Fuel Temperature Sales Practices Litigation,* No. 07-MD-1840-KHV, 2009 WL 5064441, at *2-3 (D. Kan. Dec. 16, 2009) (collecting cases) (rejecting entry of a protective order, even though the witnesses within the organization who would be designated had already been deposed on the same subject, *and* even though the organization offered to designate the previous testimony as 30(b)(6) testimony). Indeed, Rule 30(b)(6) itself contemplates both individual and corporate depositions, stating "[t]his paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." *Id.* To be clear, TQ Beta is not completely opposed to the possibility of designating personal deposition testimony as responsive to 30(b)(6) topics. That determination, however, should only be made *after* the personal deposition has been taken and the parties can fairly assess the adequacy of the testimony. Such a determination is simply premature at this time.

Finally, it is up to the Defendants whether or not these deponents are subjected to more than one deposition. When and if Plaintiff does decide to take 30(b)(6) deposition, it is Defendants who get to select their corporate representative—not the Plaintiff. The proper course is to deny the Defendants' motion and allow TQ Beta to take the personal depositions of Messrs. Minnick and Gelston now *without* the condition that TQ Beta must also serve its Rule 30(b)(6) deposition notice(s). Guided by what TQ Beta learns from their personal testimony, the testimony of other witnesses, from ongoing production and written discovery, TQ Beta will then decide what Rule 30(b)(6) deposition topics, if any, would be appropriate to serve and when to serve them. In the event that TQ Beta serves 30(b)(6) notices, and the Defendants choose to object to offering any witnesses, whether it be Mr. Minnick, Mr. Gelston, or someone else, to testify as to the deposition topics, then that would be the right time for the Court to assess if a protective order is appropriate. At this early point in the discovery period, it is speculative to assume, as the Defendants have, that Messrs. Minnick and Gelston will be unduly burdened by Rule 30(b)(6) deposition topics of unknown scope and number.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc:     Counsel of Record (via E-File)